UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.M., individually and on behalf of L.C. a minor

        Plaintiff,

v.                                                                                                   Case No:  2:14-cv-237-FtM-38CM

HENDRY COUNTY SCHOOL BOARD,

        Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant's Motion for Rule 11 Sanctions (Doc. #13) filed on July 15, 2014.  Plaintiffs filed a response and memorandum of law in opposition (Doc. #17) on July 22, 2014.  Thus, the matter is now ripe for review.

The instant Motion was filed after Defendant filed a Motion to Dismiss Plaintiffs' Complaint, to which Plaintiffs failed to respond.  (Doc. #12).  Defendant seeks sanctions pursuant to Federal Rule of Civil Procedure 11(c) on the basis that Plaintiff S.M.'s retaliation claim is frivolous and "wholly unsupported by the existing law."  (Doc. #13 at 4).  In support, Defendant cites to an Eleventh Circuit case for the proposition that "20 U.S.C. § 1415(l) requires all claims asserting the rights of disabled children  pursuant to the IDEA, the ADA, the Constitution, or other laws to first be exhausted in state

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

administrative proceedings." (Doc. #13 at 2). Defendant further asserts that because Plaintiff S.M. was not a party to the prior administrative proceeding, Plaintiff S.M. has not met the exhaustion requirement, and therefore her claim is frivolous. (Doc. #13 at 4).

In Response, Plaintiff S.M. avers that she "exhaust[ed] all administrative avenues offered or provided by [] Defendant." (Doc. #17 at 6). In support, Plaintiff S.M. distinguishes the Eleventh Circuit cases that Defendant cites to by noting that in those cases "no administrative hearing under IDEA occurred prior to the plaintiffs filing a complaint in federal court." In contrast, Plaintiff asserts that she "filed an administrative complaint with DOAH regarding all of the claims, including the retaliation claim, and participated in an administrative hearing that included submitting exhibits, taking testimony regarding the retaliation claim and findings from an ALJ." (Doc. #17 at 7).

The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers. *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001). Rule 11 requires district courts to impose appropriate sanctions, after notice and a reasonable opportunity to respond where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact and therefore has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (citing Fed. R. Civ. P. 11(b)). Rule 11 incorporates a subjective standard whereby the court determines whether or not a reasonable attorney in like circumstances could believe his actions were factually and legally justified. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

When testing conduct under Rule 11, a court may use an objective standard and examine the reasonableness of the conduct under the circumstances and what was reasonable to believe at the time the pleading was submitted. *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 2006 WL 4792784 * 2 (M.D. Fla. Sept. 14, 2006) (citing *Baker v. Alderman*, 158 F. 3d 516, 524 (11th Cir. 1998)). "In making this determination a two-step inquiry is required: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Custom Mfg.*, 2006 WL 4792784 at * 2. Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts, but not when the party's evidence to support a claim is 'merely weak.'" *Riccard*, 307 F.3d at 1294 (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).

Here, the Court finds that Plaintiff S.M. did not exhibit a deliberate indifference to obvious facts that indicated her claim was frivolous. Defendant's primary contention is that because the ALJ's final order does not include Plaintiff S.M. in the caption, Plaintiff S.M. "was not a party to the administrative proceeding and therefore has not exhausted her administrative remedies." (Doc. #13 at 4). A simple glance at the substance of the ALJ's final order, however, illustrates that the order did address "[w]hether [Defendant's] actions of contacting the employer of [Plaintiff] L.C.'s parent, [Plaintiff] S.M., was retaliation for [Plaintiff] S.M. engaging in protected activities." (Doc. #1-1 at 2). For the purposes of this Motion, and without conducting more than a cursory analysis of this issue, the Court finds it unlikely that the ALJ would have addressed this issue had Plaintiff S.M. not been involved in some capacity in the administrative proceedings.

Moreover, again for the purposes of this Motion only, it appears that Defendant's primary citation, *M.T.V. v. DeKalb County School Dist.*, 446 F.3d 1153 (11th Cir. 2006), is not directly on point. In *DeKalb,* as Plaintiff S.M. correctly notes, the Eleventh Circuit pointed to the fact the plaintiffs in that case never allege that they requested a due process hearing with respect to their retaliation claims. 446 F.3d at 1159. In contrast, Plaintiffs here specifically amended their complaint before the ALJ to include "facts and grounds" related to Plaintiff S.M.'s retaliation claim. (*See* Doc. #17-5 at 1). Whether Plaintiffs' amendment to include these "facts and grounds" was sufficient to exhaust Plaintiff S.M.'s administrative remedies is a determination for a later time. But at this stage of the litigation, including a claim on which the ALJ ruled on in Plaintiffs' Complaint before this Court does not appear to warrant such an extreme remedy as imposition of Rule 11 sanctions. As such, Defendant's Motion must be denied.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion for Rule 11 Sanctions (Doc. #13) is **DENIED**.

(2) Plaintiffs' Motion for Attorney's Fees and Costs Associated with Defendant's Motion for Sanctions (Doc. #17) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of September, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record