UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.M., individually and on behalf of L.C. a minor

       Plaintiff,

v.	Case No: 2:14-cv-237-FtM-38CM

HENDRY COUNTY SCHOOL BOARD,

       Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #12) filed on June 19, 2014. Plaintiffs failed to file a response in opposition[2], and the time to do so has now expired. Thus, the matter is ripe for review.

### Background

Plaintiff L.C. is a 13 year-old disabled child who receives exceptional student education services ("ESE") from Defendant. (Doc. #1 at 4). Defendant, Hendry County School Board, is a governmental agency who manages and operates Hendry County Public Schools in Hendry County, Florida. (Doc. #1 at 4). At birth, Plaintiff L.C. suffered

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court notes that Plaintiff filed a Motion for Extension of Time nearly a month after Defendant filed the instant Motion in an attempt to file a response in opposition (Doc. #14); but because Plaintiff failed to illustrate a case of excusable neglect for the delay, Judge Mirando appropriately denied the Motion. (Doc. #16).

a severe brain disorder called holoprosencephaly, which prevented portions of his brain from developing. (Doc. #1 at 9). As a result of this disorder, Plaintiff L.C. is missing the portions of his brain responsible for communication between brain hemispheres and the transfer of motor, sensory, and cognitive information. (Doc. #1 at 9). In addition to his birth disorder, Plaintiff L.C. has been diagnosed with Autism Spectrum Disorder, Cerebral Palsy, and Spastic Quadriplegia. (Doc. #1 at 9). Due to Plaintiff L.C.'s state, Plaintiff L.C. requires extensive assistance for almost every aspect of his daily life, including, but not limited to, mobility, eating, communicating, toileting, and completing academic tasks. (Doc. #1 at 9).

Beginning in 2008, Plaintiff L.C. enrolled in the Hendry County School District, and continued to attend schools in the district through the current academic year except for the 2012-13 school year. (Doc. #1 at 8). Specifically, in March 2012, Plaintiff L.C.'s mother, S.M., became disappointed with her son's treatment while he attended schools in the Hendry County School District. Therefore, Plaintiff S.M. attended a school meeting and requested that her son be transferred to a private school setting that could provide more intensive instruction. (Doc. #1 at 12). After reviewing the private school, Defendant and Plaintiff S.M. reached an agreement that placed Plaintiff L.C. into the private school setting and that entailed Defendant agreeing to provide transportation for Plaintiff L.C. to the new school. (Doc. #1 at 12).

At the conclusion of the 2012-13 academic year, Defendant informed Plaintiff S.M. that it would no longer provide Plaintiff L.C. transportation to the private school. (Doc. #1 at 13). Because Plaintiff S.M. could not afford to provide daily transportation herself for Plaintiff L.C. to attend the private school, Plaintiff S.M. was forced to withdraw Plaintiff

L.C. from the private school and enroll him in another Hendry County School District school – LaBelle Middle School. (Doc. #1 at 13).  Soon after, Plaintiff S.M. again became dissatisfied with the treatment that her son was receiving at LaBelle Middle School.  As a result, Plaintiff S.M. "filed a request for due process and a request for a Section 504 hearing."  (Doc. #1 at 17).

After filing her requests, Plaintiff S.M. avers that she was subjected to retaliatory treatment by Defendant.  In her employment as Service Coordinator of a company named Early Steps, Plaintiff S.M. manages monthly meetings with the local ESE administration, exclusively in Hendry and Glades Counties.  (Doc. #1 at 17).  Plaintiff S.M. asserts that Lucinda Kelley, the ESE director for Defendant, became aware that Plaintiff S.M. had filed the due process and Section 504 hearing requests.  (Doc. #1 at 18).  Shortly after, Ms. Kelley allegedly sent multiple emails and made several telephone calls to Early Steps' Director, Trina Puddlefoot, asking that Plaintiff S.M. no longer be assigned to any of Defendant's schools.  (Doc. #1 at 18).  When Ms. Puddlefoot did not immediately act on this correspondence, Ms. Kelley threatened that Defendant would no longer be willing to work with Early Steps.  (Doc. #1 at 18).  Because of these threats, Plaintiff S.M. avers that Early Steps must now send an additional employee to all meetings with Defendant out of concern for Plaintiff S.M.'s protection.  (Doc. #1 at 19).

Plaintiffs seemingly now assert four claims against Defendant, including a "claim for relief under Section 504 of the Rehabilitation Act, including intentional discrimination and retaliation"; a "claim for relief under Individuals with Disabilities Education Act and Florida law"; "claims for relief based on IDEA and Section 1983"; and "claims for relief based on Section 504 and Section 1983."  (Doc. #1 at 20-35).  In response, Defendant

3

filed this Motion, seeking an order dismissing Plaintiffs' Complaint, to which Plaintiffs failed to respond.  ([Doc. #12](#)).

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed.  *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff.  *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth.  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (discussing a Rule 12(b)(6) dismissal); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss.  *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010).  A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16.  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted).  Further, courts are not "bound

to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## Discussion

Defendant first seeks dismissal of Plaintiffs' Complaint on the basis that Plaintiffs' Complaint "fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure." (Doc. #12 at 4). Specifically, Defendant avers that Plaintiffs' Complaint constitutes no more than a shotgun pleading, which fails to provide Defendant an opportunity to understand and reply to the allegations raised. (Doc. #12 at 5). Second, Defendant asserts that Plaintiff S.M. should be dismissed as a party to this action due to her failure to exhaust her administrative remedies. (Doc. #12 at 6). In support of this argument, Defendant contends that the Eleventh Circuit has held that "[t]he exhaustion requirement applies to parents of students as well as to the students themselves," and that Plaintiff S.M. failed to meet her exhaustion requirements that would enable her to join this action. (Doc. #12 at 7-8). Finally, Defendant maintains that because 42 U.S.C. § 1983 "does not provide a remedy for the type of IDEA violations alleged in [] Plaintiff[s'] Complaint," Plaintiffs' 42 U.S.C. 1983 claims must be dismissed. (Doc. #1 at 8). The Court will address each argument in turn.

As noted above, Defendant first moves to dismiss Plaintiffs' Complaint for Plaintiffs' failure to comply with Federal Rules of Civil Procedure 8 and 10. (Doc. #12 at 4). In support, Defendant notes that Plaintiffs' Complaint is rife with "shotgun allegations and legal arguments," which "fail to set forth claims with sufficient clarity to allow [] Defendant to frame a responsive pleading . . . ." (Doc. #12 at 5). Because such pleadings are

"impermissible," Defendant asserts that Plaintiffs' Complaint must be dismissed. (Doc. #12 at 6).  The Court agrees.

The Eleventh Circuit has been clear: "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).  Such pleadings are typically "confusing, incoherent, and clogged with seemingly irrelevant factual allegations."  *Id.*  This is primarily due to the fact that shotgun pleadings "incorporate[] every antecedent allegation by reference into each subsequent claim for relief, making it "virtually impossible to know which allegations of fact are intended to support which claims for relief."  *Frantz v. Walled*, 513 F. App'x 815, 820 (11th Cir. 2013). It is no surprise that "[p]leadings of this nature are prohibited by Rule 8(a)(2), which requires a claim for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Lampkin-Asam*, 261 F. App'x at 277 (citing Fed. R. Civ. P. 8(a)(2)).

Here, a simple review of Plaintiffs' Complaint makes it apparent that the Complaint is a quintessential shotgun pleading.  To begin, for each and every "claim," Plaintiffs first "reallege[] and incorporate[] by reference" every single preceding paragraph.  (Doc. #12 at 20, 25, 34, 35).  As a result, Defendant is left trying to decipher what allegations are intended to support which claims for relief.  For example, Plaintiffs' fourth count, alleging "claims for relief based on Section 504 and Section 1983," incorporates the preceding 223 paragraphs, which include three separate and independent claims.  (Doc. #12 at 35). Consequently, factual allegations material to one count are made part of subsequent

6

counts despite the possibility that they do not materially relate to those subsequent counts. In other words, "each count is replete with factual allegations that could not possibly be material to that specific count, and [] any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

Beyond the initial shotgun pleading clauses contained in each count, Plaintiffs make no attempt to provide a "short and plain statement of the claim" as required by Rule 8(a)(2). Instead, Plaintiffs provide allegations that can be best characterized as "disjointed, repetitive, disorganized, and barely comprehensible." *Lampkin-Asam*, 261 F. App'x at 276. For example, in Plaintiffs' first "claim," beyond the initial shotgun incorporation clause, Plaintiffs provide 44 paragraphs of allegations. Of these 44 paragraphs, 28 paragraphs begin with "[t]he ALJ erred." (Doc. #1 at 20-25). One of the 16 other paragraphs provides, in full:

> 132. Rule 8(c)(1) of the Federal Rules of Civil Procedure require [sic] that, "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . statute of limitations."

(Doc. #12 at 23). The remaining 15 paragraphs contain allegations such as a general description of two motions filed during the ALJ hearing (*Id.* at ¶¶ 137,139); a recitation of a Florida statute (*Id.* at ¶ 127); and two paragraphs generally requesting compensatory and punitive damages (*Id.* at ¶¶ 146, 147).

Plaintiffs' remaining claims fair no better than their first. For instance, the second claim is comprised of 71 paragraphs of allegations. The first 36 of these 71 paragraphs are allegations identically repeated, in almost the exact same order, from the first claim, even though Plaintiffs had already started the second claim by "realleging and

7

incorporating" every preceding paragraph.  (*Cf. Id.* at ¶¶ 103-142 with ¶¶ 149-184).  The remaining 35 paragraphs are rife with transgressions similar to those contained in the first claim as noted above, including recitations of law and procedural history from the ALJ hearing.  (*Id.* at ¶¶ 184-219).  Because Plaintiffs' Complaint is a prime example of a shotgun pleading, which the Eleventh Circuit repeatedly condemns, Plaintiffs' Complaint must be amended and replead to proceed.  See *Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) ("When confronted with a shotgun pleading, the court is supposed to order repleading for a more definite statement of the claim.").  As such, if Plaintiffs intend to proceed with this action, they must replead the Complaint in compliance with Federal Rules of Civil Procedure 8 and 10.

Accordingly, it is now

**ORDERED:**

(1) Defendant, Hendry County School Board's Motion to Dismiss (Doc. #12) is **GRANTED**.

(2) Plaintiffs' Complaint (Doc. #1) is **DISMISSED without prejudice** to filing an Amended Complaint on or before **October 7, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of September, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record