UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.M., individually and on behalf of L.C. a
minor

        Plaintiff,

v.                              Case No:  2:14-cv-237-FtM-38CM

HENDRY COUNTY SCHOOL
BOARD,

        Defendant.
_____/

## ORDER[1]

    This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #21) filed on October 13, 2014. Plaintiffs filed a Response in Opposition (Doc. #22) on October 27, 2014.  Thus, the matter is ripe for review.

### Background

    Plaintiff L.C. is a 13-year-old disabled child who receives exceptional student education services ("ESE") from Defendant.  (Doc. #20 at 3).  Defendant, Hendry County School Board, is a governmental agency who manages and operates Hendry County Public Schools in Hendry County, Florida.  (Doc. #20 at 3).  At birth, Plaintiff L.C. suffered a severe brain disorder called holoprosencephaly, which prevented portions of his brain from developing.  (Doc. #20 at 4).  As a result of this disorder, Plaintiff L.C. is missing the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

portions of his brain responsible for communication between brain hemispheres and the transfer of motor, sensory, and cognitive information.  (Doc. #20 at 4).  In addition to his birth disorder, Plaintiff L.C. has been diagnosed with Autism Spectrum Disorder, Cerebral Palsy, and Spastic Quadriplegia. (Doc. #20 at 4).  Due to Plaintiff L.C.'s state, Plaintiff L.C. requires extensive assistance for almost every aspect of his daily life, including, but not limited to, mobility, eating, communicating, toileting, and completing academic tasks. (Doc. #20 at 4).

Beginning in 2008, Plaintiff L.C. enrolled in the Hendry County School District, and continued to attend schools in the district through the current academic year except for the 2012-13 school year.  (Doc. #20 at 4).  Specifically, in March 2012, Plaintiff L.C.'s mother, S.M., became disappointed with her son's treatment while he attended schools in the Hendry County School District.  Therefore, Plaintiff S.M. attended a school meeting and requested that her son be transferred to a private school setting that could provide more intensive instruction.  (Doc. #20 at 7).  After reviewing the private school, Defendant and Plaintiff S.M. reached an agreement that placed Plaintiff L.C. into the private school setting and that entailed Defendant agreeing to provide transportation for Plaintiff L.C. to the new school.  (Doc. #20 at 7).

At the conclusion of the 2012-13 academic year, Defendant informed Plaintiff S.M. that it would no longer provide Plaintiff L.C. transportation to the private school.  (Doc. #20 at 8).  Because Plaintiff S.M. could not afford to provide daily transportation herself for Plaintiff L.C. to attend the private school, Plaintiff S.M. was forced to withdraw Plaintiff L.C. from the private school and enroll him in another Hendry County School District school – LaBelle Middle School. (Doc. #20 at 8). Soon after, Plaintiff S.M. again became

dissatisfied with the treatment that her son was receiving at LaBelle Middle School.  As a result, Plaintiff S.M. "filed a request for due process and a request for a Section 504 hearing."  (Doc. #20 at 11).

After filing her requests, Plaintiff S.M. avers that she was subjected to retaliatory treatment by Defendant.  In her employment as Service Coordinator of a company named Early Steps, Plaintiff S.M. manages monthly meetings with the local ESE administration, exclusively in Hendry and Glades Counties.  (Doc. #20 at 11).  Plaintiff S.M. asserts that Lucinda Kelley, the ESE director for Defendant, became aware that Plaintiff S.M. had filed the due process and Section 504 hearing requests.  (Doc. #20 at 11).  Shortly after, Ms. Kelley allegedly sent multiple emails and made several telephone calls to Early Steps' Director, Trina Puddlefoot, asking that Plaintiff S.M. no longer be assigned to any of Defendant's schools.  (Doc. #20 at 11-12).  When Ms. Puddlefoot did not immediately act on this correspondence, Ms. Kelley threatened that Defendant would no longer be willing to work with Early Steps.  (Doc. #20 at 12).  Because of these threats, Plaintiff S.M. avers that Early Steps must now send an additional employee to all meetings with Defendant out of concern for Plaintiff S.M.'s protection.  (Doc. #20 at 12).

Based on the foregoing, Plaintiffs filed an action against Defendant, asserting four "claims": (1) "claim for relief under Section 504 of the Rehabilitation Act, including intentional discrimination and retaliation"; (2) a "claim for relief under Individuals with Disabilities Education Act and Florida law"; (3) "claims for relief based on IDEA and Section 1983"; and (4) "claims for relief based on Section 504 and Section 1983."  (Doc. #1 at 20-35).  In response, Defendant filed a Motion to Dismiss arguing that Plaintiffs' Complaint constituted an improper "shotgun pleading" and needed to be dismissed.  (Doc.

#12). The Court agreed and granted Defendant's Motion, requiring Plaintiffs to file an Amended Complaint in order to proceed with this action. (Doc. #19). Soon after, Plaintiffs filed an Amended Complaint. (Doc. #20). Defendant now brings the instant Motion, seeking dismissal of Plaintiffs' Amended Complaint. (Doc. #21).

### Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (discussing a Rule 12(b)(6) dismissal); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173

L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)*.

## Discussion

Defendant first seeks dismissal of Plaintiffs' Amended Complaint on the basis that it "fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure." (Doc. #21 at 4-5). Next, Defendant asserts that Plaintiff S.M. should be dismissed as a party to this action because of her failure to exhaust her administrative remedies. (Doc. #21 at 5-7). And finally, Defendant maintains that Plaintiffs' 42 U.S.C. § 1983 claim must be dismissed because Plaintiffs fail to cite a statute that would support an action under § 1983. (Doc. #21 at 7-10). The Court will address each argument in turn.

### A. *Plaintiffs' Amended Complaint Does Not Constitute a Shotgun Pleading*

Defendant begins its Motion by arguing that Plaintiffs' Amended Complaint must be dismissed because it constitutes a shotgun pleading in violation of Fed. R. Civ. P. 8 and 10. In support, Defendant primarily recites case law discussing shotgun pleadings and provides two sentences of substantive argument, concluding that Plaintiffs have filed an "impermissible 'shotgun' pleading" that "suffers from many of the same issues as the original [Complaint] and should be dismissed." (Doc. #21 at 5). Plaintiffs respond by disputing that their Amended Complaint constitutes a shotgun pleading and by noting that Defendant answered similar complaints at the administrative level. (Doc. #22 at 7-9).

Indeed, "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-*

*Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).   Such pleadings are typically "confusing, incoherent, and clogged with seemingly irrelevant factual allegations." *Id.* This is primarily due to the fact that shotgun pleadings "incorporate[] every antecedent allegation by reference into each subsequent claim for relief, making it "virtually impossible to know which allegations of fact are intended to support which claims for relief." *Frantz v. Walled*, 513 F. App'x 815, 820 (11th Cir. 2013). It is no surprise that "[p]leadings of this nature are prohibited by Rule 8(a)(2), which requires a claim for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief." *Lampkin-Asam*, 261 F. App'x at 277 (citing Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiffs' Amended Complaint does not constitute a shotgun pleading.  As noted above, shotgun pleadings typically incorporate every antecedent allegation into each subsequent claim for relief.  But this is not the case with Plaintiffs' Amended Complaint.  Instead, Plaintiffs not only section off their general factual allegations, but also reallege and incorporate by reference those sections in their four "claims" only when a section is relevant.  (Doc. #20 at 3-16).  This organization is a stark difference from Plaintiffs' original Complaint, which the Court previously agreed constituted a prime example of a shotgun pleading.  (*Compare* Doc. #1 with Doc. #20).  And courts routinely hold that realleging and incorporating by reference a precise portion of a general factual allegation section does not constitute a shotgun pleading.  *See, e.g., Small v. Amgen, Inc.*, 2 F.Supp.3d 1292, 1296-97 (M.D.Fla. 2014) (holding that realleging and incorporating a section of general factual allegations, and not legal conclusions, does not

constitute a shotgun pleading). Accordingly, Defendant's Motion to Dismiss Plaintiffs' Amended Complaint as a shotgun pleading must be denied.

### B. *Plaintiff S.M. Exhausted Her Administrative Remedies*

Next, Defendant argues that Plaintiff S.M. should be dismissed from this action because she failed to exhaust her administrative remedies.  As Defendant explains, all claims asserting the rights of disabled children pursuant to the "IDEA" -- even those brought by parents -- must first be exhausted in state administrative proceedings.  (Doc. #21 at 6 (citing *M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153 (11th Cir. 2006)). Defendant avers that Plaintiff "S.M. has not met [this] exhaustion requirement as she was not a party to the prior administrative proceeding, and therefore has not asserted claims on her behalf at any time prior to the [Amended] Complaint filed" with this Court.  (Doc. #21 at 7).  Because Plaintiff S.M. failed to meet this exhaustion requirement, Defendant asserts that Plaintiff S.M. must be dismissed from this action.  (Doc. #21 at 7).  In response, Plaintiffs distinguish the cases Defendant cites and aver that Plaintiff was a party to the prior administrative proceeding, as exhibited in the DOAH Final Order.  (Doc. #22 at 9-13).  Moreover, Plaintiffs also argue that even if the Court finds Plaintiff S.M. did not exhaust her administrative remedies, she was not required to because Defendant waived this requirement by not offering her any other administrative hearing beyond the one conducted.  (Doc. #22 at 13-15).

The Individuals with Disabilities Education Act ("IDEA") ensures "that all children with disabilities have available to them a free appropriate public education [("FAPE")] that emphasizes special education and related services" and "that that the rights of children with disabilities and parents of such children are protected."  20 U.S.C. § 1400(d)(1)(A)-

(B).  In doing so, "[t]he IDEA allows plaintiffs to seek 'remedies available under the constitution, the ADA, Section 504, or other Federal laws protecting the rights of children with disabilities." *M.T.V.*, 446 F.3d at 1157-58 (quoting 20 U.S.C. § 1415(*l*)) (internal brackets omitted).  But before seeking these remedies in a civil action, plaintiffs must first exhaust their claims in state administrative proceedings.  *Id.* at 1158.  This holds true for "'any matter relating to the identification, evaluation, or educational placement of the child or the provision of a [FAPE] to such a child.'"  *Id.* citing (20 U.S.C. § 1415(b)(6)).  Therefore, a parent's retaliation claim – contending that a school district retaliated against them for "advocating for their son's legal rights to receive an appropriate education and be free from discrimination based solely upon his disabilities" – is subject to the exhaustion requirement.  *Id.* at 1158-159 (internal brackets and citations omitted).

With this framework in mind, the question now becomes whether Plaintiff S.M. exhausted her administrative remedies or was excused from doing so before bringing this civil action for retaliation against Defendant.  *Id.*  And to answer this question, the Court finds that Plaintiff S.M. did exhaust her administrative remedies.  Defendant attempts to convince the Court otherwise by primarily relying on and analogizing *M.T.V.*  There, the Eleventh Circuit noted that the plaintiff parents failed to "allege [that] they ever requested a due process hearing with respect to their retaliation claims."  *Id.* Instead, the plaintiff parents "argue[d] [that] they raised the retaliation issue at other due process hearings brought by themselves and the [defendant] [s]chool [d]istrict."  *Id.*  In rejecting the plaintiff parents' argument, the Eleventh Circuit noted that the section of the IDEA that allows parties to challenge an ALJ's final decision provides that "'any party aggrieved by the findings and decision under this subsection shall have the right to bring a civil action *with*

respect to the complaint presented pursuant to this section.'" *Id.* (quoting § 1415(*l*)) (emphasis in original).  Consequently, in order to bring a retaliation claim, parents must assert their claim in a complaint and exhaust all administrative remedies regarding that complaint before filing a civil action.  *Id.*

In the Amended Complaint, Plaintiff S.M. alleges that all issues related to . . . [her retaliation claim] have been properly raised below, exhausted, [and] sufficiently pled. . . ." (Doc. #20 at 23, ¶ 163).  And a review of the record[2] confirms Plaintiff S.M.'s allegation. Specifically, in the Amended Request for Exceptional Student Education Due Process Hearing ("ALJ Complaint"), Plaintiffs devoted 22 of their 54 paragraphs of allegations towards Plaintiff S.M.'s retaliation claim.  (Doc. #17-5 at 6-7, ¶¶ 32-54).  Defendant answered the ALJ Complaint and addressed all of its allegations, including those related to Plaintiff S.M.'s retaliation claim.  (Doc. #17-6 at 3-4, ¶¶ 32-54).  Thereafter, the ALJ entered a Final Order that not only ruled on, but also provided nearly three pages of conclusions of law on, the retaliation claims.  (Doc. #17-8 at 41-43).

Simply stated, Plaintiff S.M. asserted her retaliation claim in the ALJ Complaint, Defendant answered the ALJ Complaint, and the ALJ issued a Final Order on the ALJ Complaint.  Therefore, Plaintiff S.M. has exhausted the administrative remedies required to bring her retaliation claim before this Court.  *See Sch. Bd. of Manatee Cnty., Fla. V. L.H. ex rel. D.H.,* 666 F.Supp.2d 1285 (M.D.Fla. 2009) (finding that the plaintiff parents exhausted their administrative requirements when they "filed an administrative complaint listing the claims for which they [sought] redress in this litigation, presented evidence

---

[2] "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010).

9

relating to the facts underlying the claims, and obtained a final order from the ALJ relating to the main issue at the heart of their claims"). Based on the foregoing, Defendant's Motion to Dismiss as to Plaintiff S.M. failing to exhaust her administrative remedies must be denied.

### C. Plaintiffs Do Not Allege a Sufficient Basis for Their 42 U.S.C. § 1983 Claims

Defendant's final argument asserts that Plaintiffs' 42 U.S.C. § 1983 claim must be dismissed because § 1983 claims cannot be based solely on IDEA violations. In support, Defendant primarily cites case law, but does provide roughly four sentences of substantive argument, stating: (1) Plaintiffs fail to allege that Defendant denied Plaintiffs access to a due process hearing, thereby preventing Plaintiffs from bringing a § 1983 claim based on the IDEA (Doc. #21 at 8); (2) Plaintiffs "cannot maintain a § 1983 [claim] based on violations of the Rehabilitation Act or the ADA" either (Doc. #21 at 9); and (3) "Plaintiffs['] claim[] under § 1983 must be dismissed as the claim[] do[es] not state a claim on which relief can be granted under federal law" (Doc. #21 at 10). Plaintiffs fail to provide an argument in response.

Historically, "the case law [was] anything but clear with respect to claims brought pursuant to § 1983 to enforce rights provided for under the IDEA." _Sch. Bd. of Manatee Cnty., Fla._, 666 F.Supp.2d at 1296. But recently, the Eleventh Circuit provided much-needed clarification by holding "that section 1983 actions for denial of rights conferred by the IDEA are barred because the IDEA's comprehensive enforcement scheme provides the sole remedy for statutory violations." _K.A. ex rel. F.A. v. Fulton Cnty. Sch. Dist._, 741 F.3d 1195, 1210 (11th Cir. 2013). Here, because there are no rights at issue conferred

by the Constitution or other federal laws and not the IDEA, Plaintiffs' § 1983 claim, comprising Count 5, must be dismissed. *Id.*

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #21) is **GRANTED in part and DENIED in part**.

1. As to Counts 1, 2, 3, and 4, Defendant's Motion is **DENIED.**

2. As to Count 5, Defendant's Motion is **GRANTED**.  Thus, Count 5 is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Fort Myers, Florida, this 10th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record