UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.M. and L.C., individually and on behalf
of L.C. a minor

    Plaintiffs,

v.                                        Case No: 2:14-cv-237-FtM-38CM

HENDRY COUNTY SCHOOL
BOARD,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on United States Magistrate Judge Carol Mirando's Report & Recommendation ("R&R"). (Doc. 48). Judge Mirando recommends that the Administrative Law Judge's ("ALJ") final order regarding Plaintiffs' claim for relief under the Individuals with Disabilities Education Act ("IDEA") be affirmed and judgment entered on behalf of Defendant Hendry County School Board ("HCSB"). Plaintiffs S.M., individually and on behalf of her minor child, L.C. object to the R&R (Doc. 55), and HCSB responded to the objections. (Doc. 57). The matter is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

The Court adopts the extensive facts detailed in the R&R. For brevity's sake, the Court will briefly outline the procedural posture. On September 3, 2013, S.M. requested a due process hearing to determine whether HCSB denied her child's right to free appropriate public education ("FAPE") under the IDEA. An ALJ of the Division of Administrative Hearings ("DOAH") held a five-day hearing on the issue, where both parties presented evidence and witnesses. (Doc. 17-8). Before issuing an order, the ALJ granted Plaintiffs' motion to supplement the record to consider additional evidence not presented at the hearing. (Doc. 56). The ALJ then issued a forty-five page final order finding that Plaintiffs failed to prove that HCSB violated the IDEA. (Doc. 17-8).

Afterward, Plaintiffs sued requesting the Court overturn the ALJ's final order and find a violation of the IDEA. (Doc. 20). In addition, Plaintiffs' Amended Complaint contains claims for discrimination and retaliation.[2] (Doc. 20). To expedite the disposition of the IDEA claim, the Court bifurcated the case and issued a scheduling order. (Docs. 34; 35; 37). The scheduling order required the parties to file the DOAH hearing transcript, exhibits, and briefs in support of their position. (Doc. 37) Further, the parties were instructed to brief the impact of a recent Supreme Court opinion, *Endrew F. ex. Rel. Joseph F. v. Douglas Cty. Sch. Dist. Re-1*, 137 S. Ct. 988 (2017). (Doc. 44). After reviewing the record, briefing, and applicable law, Judge Mirando issued an R&R recommending the ALJ's final order be affirmed and judgment be entered on behalf of HCSB. (Doc. 48). Now, Plaintiffs object to the R&R and have filed additional evidence

---

[2] Plaintiffs' Amended Complaint also contained a claim for relief under the Civil Rights Act that was dismissed without prejudice. (Doc. 23).

2

that was provided to the ALJ after the hearing in a supplemental motion but not filed with this Court until after Judge Mirando issued the R&R. (Docs. 55; 56).

**STANDARD**

The IDEA offers federal funds to individual states to assist in the education of children with disabilities provided that a state comply with a number of statutory requirements. *Endrew F.*, 137 S. Ct. at 993. One of those conditions is that a state provide FAPE to all eligible children. *See* 20 U.S.C. § 1412(a)(1). The "primary vehicle" for doing so is the individualized educational program ("IEP"). *Honig v. Doe*, 484 U.S. 305, 311 (1988). An IEP must be "reasonably calculated to enable a child to make progress in light of the child's circumstances." *See Endrew F.,* 137 S. Ct. at 1001. In an IDEA action challenging the findings and decision of an ALJ, the burden of proof lies with the party challenging the decision. *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005); *Loren F. ex rel. Fisher v. Atlanta Indep. Sch. System*, 349 F.3d 1309, 1313 (11th Cir. 2003). And the level of deference given to an ALJ's decision is within the district court's sound discretion. *See Walker County Sch. Dist. v. Bennett ex rel. Bennett*, 203 F.3d 1293, 1297 (11th Cir. 2000). Yet a court must be careful not to substitute its judgement for that of the state educational authorities. *See id.* "Whether an IEP provided FAPE is a mixed question of law and fact subject to *de novo* review." *CP v. Leon County Sch. Bd. Florida*, 483 F.3d 1151, 1155 (11th Cir. 2007).

Where a magistrate judge issues a report and recommendation, a district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In doing so, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *Id.* And "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## DISCUSSION

Judge Mirando recommends that HCSB provided FAPE to L.C. for the 2011-2012 to 2013-2014 school years, and that judgment be entered on behalf of HCSB and against the Plaintiffs. Plaintiffs take issue with several conclusions and findings in the R&R, and their objections can be classified into three main groups: (1) Judge Mirando gave too much deference to the ALJ's findings; (2) the ALJ and Judge Mirando incorrectly applied the statute of limitations; and (3) the ALJ and Judge Mirando incorrectly found that HCSB provided FAPE for the 2011-2012 and 2013-2014 school years. Mostly, the objections mirror arguments previously addressed by Judge Mirando. Based on an independent review of the record and law, these objections are overruled. With that in mind, this Court will address two points of contention not previously addressed: (1) the amount of deference paid to the ALJ; and (2) Plaintiffs' contention that Kristina Puletti was not qualified to provide speech therapy, which resulted in the denial of FAPE for the 2013-2014 school year.

### A. The Court's Deference to the ALJ's findings.

Plaintiffs argue the ALJ's findings should be given "little or no deference" because the ALJ failed to cite to the record, did not address the testimony of each witness, and used the wrong standard. (Doc. 55 1-4). Plaintiffs contend these issues coupled together require a lower level of deference. This argument is unpersuasive.

4

Plaintiffs first argue the ALJ failed to cite to the record or address all witness' testimony. In the past, this Court has found similar circumstances problematic where an ALJ's findings were not supported by underlying facts. Unlike those cases, the ALJ's decision is fully supported by the underlying record. Further, this Court is in agreement with Judge Mirando that despite the ALJ not addressing all testimony, the ALJ's final order "show[ed] careful consideration of the evidence and firm grasp of the facts and issues at hand." (Doc. 48 at 32). As such, those arguments are unconvincing.

Next, Plaintiffs correctly state the ALJ used a now outdated standard to determine whether HCSB provided FAPE to L.C. Nonetheless, the Court does not agree with Plaintiffs' conclusion regarding the impact of the changed standard. For context, the ALJ issued his final order almost three years before the Supreme Court clarified the standard of review in IDEA cases. *See Endrew F.,* 137 S. Ct. at 1001. The *Endrew F.* court held that the IDEA requires "an educational program reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Id.* In contrast, the prior standard, relied on by the ALJ, required that education programs provide more than trivial or *de minimis* progress. (Doc. 17-8 at 31). There is little doubt these standards are markedly different, and the change occurred after the ALJ issued his final order but before the R&R was issued.

Still, a change in law does not bar a court from giving deference to an ALJ's findings. Rather, it requires the claim be evaluated under the new standard, and Judge Mirando did exactly that. Judge Mirando evaluated the record under the *Endrew F.* standard and determined the ALJ's findings were still entitled to great deference. Even Plaintiffs' arguments coupled together do not persuade this Court the ALJ's findings are

entitled to less deference. And after a *de novo* review of the record evidence and relevant authority, the Court finds that Judge Mirando's discretionary decision is well founded. Plaintiffs' objection is overruled.

### B. 2013-2014 FAPE

Next, Plaintiffs argue L.C. did not receive speech therapy in the 2013-2014 school year. Specifically, Plaintiffs argue the R&R improperly referred to Kristina Puletti as a "speech-language pathologist," and that she could not provide speech therapy because HCSB did not submit a plan to the Florida Department of Education ("FDOE") as required by Florida law. (Doc. 55 at 23). The Court notes this same argument was previously put before both the ALJ and Judge Mirando. But the crux of the argument rests on emails not filed with this Court until after the R&R was issued. (Doc. 56). Because of this failure, Judge Mirando could not consider the late arriving evidence in conjunction with the argument. (Doc. 48 at 48).

In response, HCSB argues the emails are inadmissible hearsay and speculative, and the testimony at the DOAH hearing remains the most persuasive evidence. Further, HCSB argues that even if the Court accepts Plaintiffs' position, the argument only results in a mere technical defect that did not affect L.C.'s education. The Court agrees.

In Florida, school districts that qualify for a "sparsity supplement" may utilize speech-language associates ("SLA"), as opposed to a certified or licensed speech-language pathologist, to provide speech or language services provided that several requirements are met. *See* Fla. Stat. § 1012.44; Fla. Admin. Code 6A-4.0176; 6A-4.01761; 6A-6.03012. One requirement is that an SLA must have a bachelor degree with an undergraduate major in speech-language pathology or speech-language impaired. An

SLA must also be under the direction of a certified or licensed speech-language pathologist with a master's degree or higher in speech-language pathology. *See* Fla. Admin. Code 6A-6.03012(7). In addition, school districts are required to submit plans to the FDOE for approval regarding the utilization of a SLA. *See Id.*

The issue here is not whether Ms. Puletti had the requisite degree or was properly supervised. Rather, the issue is whether the school district submitted the plan to the FDOE. To support their contention that Ms. Puletti is not a qualified SLA, Plaintiffs filed emails from two FDOE employees. (Doc. 56). The emails indicate that no SLA plan was submitted by HCSB to the FDOE. (Doc. 56). While these emails may establish a failure to submit an SLA plan, they do not conclusively establish that no plan exists, and the Court is not persuaded to that effect in light of testimony to the contrary. Even if that the plan was never submitted to the FDOE, the records supports that Ms. Puletti had a bachelor's degree and was properly supervised by Judy Lapp, who had a master's degree. Plaintiffs have not persuasively tied HCSB's failure to file this plan with a denial of FAPE. Plaintiffs' objection is overruled.

## CONCLUSION

Based on a *de novo* review of the record and independent consideration of the parties' arguments and the controlling law, the Court adopts and incorporates the R&R over Plaintiffs' objections.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs S.M. individually and on behalf of L.C.'s Objections to the Report and Recommendation are **OVERRULED**.

(2) United States Magistrate Judge Carol Mirando's Report and Recommendation ([Doc. 48](Doc. 48)) is **ADOPTED** and **ACCEPTED** and the findings incorporated herein.

(3) The parties shall have up to and including **October 19, 2017**, to meet and confer in person or telephonically to discuss the remaining claims and file a Joint Case Management Report containing realistic scheduling deadlines to govern the remaining claims.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of October, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record